IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL WELCH, #222 339, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:17-CV-61-WHA [WO] |
| AL BD. PARDONS AND PAROLES, | ) ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Samuel Welch, an Alabama inmate proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action seeking damages and injunctive relief in abolishment of the Alabama Board of Pardons and Paroles and implementation of a new parole system. Welch names as the defendant the Alabama Board of Pardons and Paroles ("ABPP"). Upon review, the court concludes this case is due to be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## I. DISCUSSION

**A.   Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)**

Because Welch is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e) (2), a court is required to dismiss a complaint proceeding

---

[1] Plaintiff sought leave to proceed *in forma pauperis*. Doc. 6. The court granted Plaintiff *in forma pauperis* status except to the extent he was required to pay an initial partial filing fee. Doc. 7. Subsequently, the court granted Plaintiff's motion for leave to proceed without payment of the initial partial filing fee until funds become available. Docs. 15, 16. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action … (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless."[2] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993); *accord Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a claim is frivolous "where it lacks an arguable basis either in law or in fact"). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke*, 490 U.S. at 325. A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

---

[2] A complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

2

B.   **The Complaint**

Welch's complaint is largely unintelligible. From what the court can glean from the assertions made, Welch maintains that the Alabama Constitution, or parts thereof, are void. For example, Welch argues that "Alabama indictments ha[ve] no standing under a void 1901 Constitution and void fraudulent practices." He also appears to challenge the rule, regulations, and articles governing the ABPP, alleging that they have "no standing under a void fraudulent practices 1901 Constitution … ." Doc. 1 at 1–14.

C.   **Defendant Alabama Board of Pardons and Parole**

Defendant Alabama Board of Pardons and Parole is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's complaint against the ABPP is "based on an indisputably meritless legal theory," it is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Even had Welch named a proper defendant, his complaint is due to be dismissed. A complaint under 42 U.S.C. § 1983 focuses on two essential elements: (1) whether a *person* engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 535 (1981), *overruled on other grounds by, Daniels v. Williams*, 474 U.S. 327 (1986). After carefully reviewing Welch's allegations, the court finds that the grounds presented by him present no comprehensible set of facts to support any claim for relief even if, as noted, a proper defendant had been named. Rather, the claims presented by Welch are vague, conclusory, and nonsensical, and assert no intelligible cause of

3

action regarding any alleged violation of Welch's constitutional rights. In light of the foregoing, the court concludes that the complaint is due to be dismissed under 28 U.S.C. §1915(e)(2)(B)(i). *Denton v Hernandez*, 504 U.S. 25 (1992); *Neitzke*, 490 U.S. 327.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the complaint against Defendant Alabama Board of Pardons and Paroles be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before September 18, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 29th day of August, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge